NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                    :
JOHNATHAN ROBINS,                   :
                                    : Civil Action No. 14-7741 (RMB)
          Plaintiff,                :
                                    :
     v.                             :
                                    :
ANTHONY N. MALLACE, et al.,         :
                                    :
          Defendants.               :
_____ :
                                    :
JOHNATHAN ROBINS,                   :
                                    : Civil Action No. 14-0115 (RMB)
          Plaintiff,                :
                                    :
     v.                             :
                                    :
ROBINS-MCCAFFERTY, et al.,          : **MEMORANDUM OPINION AND ORDER**
                                    :
          Defendants.               : **APPLIES TO BOTH ACTIONS**
_____ :

**BUMB**, District Judge:

Plaintiff, an inmate confined at the SCI Rockview, Bellefonte, Pennsylvania, commenced these two matters challenging the very same probate adjudication that is either ongoing at the trial level of New Jersey state court or has proceeded to its appellate stages, or has recently concluded. See generally, Robins v. Robins-McCafferty ("Robins-I"), Civil Action No. 14-0115 (RMB) (D.N.J.); Robins v. Mallace ("Robins-II"), Civil Action No. 14-7741 (RMB) (D.N.J.).

Plaintiff's Robins-I matter was commenced on January 2, 2014, without prepayment of the filing fee or submission of the

required in forma pauperis application.  See Robins-I, Docket Entry No. 1.  After this Court denied Plaintiff in forma pauperis status without prejudice, Plaintiff submitted the required application on March 13, 2014.  See id., Docket Entry No. 3.  Six days later, this Court screened Plaintiff's Robins-I complaint.  See id., Docket Entry No. 4.  Addressing Plaintiff's challenges, this Court extensively detailed the jurisdictional and substantive deficiencies of his challenges but, out of an abundance of caution, allowed him an opportunity to replead his viable claims, if any.  See id.  The Court directed Plaintiff to file such amended pleading within thirty days from the date of entry of the Court's Robins-I decision.  See id. at 10.

 Plaintiff, however, failed to file an amended complaint in Robins-I.  See generally, Robins-I, Docket.  Rather, he filed three discovery motions, acting in ignorance of his failure to pass the threshold pleading hurdle.  See id., Docket Entries Nos. 5, 6 and 7.  Having those motions dismissed on June 9, 2014, see id., Docket Entry No. 8, Plaintiff has seemingly abandoned his Robins-I litigation.  See generally, Robins-I, Docket.

 More than half a year passed by.

 On December 12, 2014, Plaintiff commenced his Robins-II matter.  See Robins-II, Docket Entry No. 1.  While the pleading he submitted in Robins-II differed from the one he filed in Robins-I, that difference was in form, not in substance, hence

2

rendering Plaintiff's Robins-II claims substantively indistinguishable from those raised and dismissed in Robins-I.

In the event Plaintiff's Robins-II submission was made with the goal to litigate the same challenges in two different actions, the Robins-II matter is subject to termination as duplicative of Robins-I.

> The power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation,'" Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (quoting Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" Id. (quoting Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991)).

Porter v. NationsCredit Consumer Disc. Co., 2003 Bankr. LEXIS 933, at *33 (Bankr. E.D. Pa. 2003).[1]

In the event Plaintiff's Robins-II submission was intended to operate as an amended pleading in Robins-I, that filing was not only five months overdue but, paramount here, has failed to cure the deficiencies of Plaintiff's Robins-I pleading.  If anything, Plaintiff's Robins-II submission indicates that the shortcomings of Plaintiff's claims have become amplified in light of the progression (and potential completion) of the state court probate proceedings Plaintiff attacks.

---

[1] In the event Plaintiff's Robins-II submission was premised on a notion of judge-shopping, such strategy is barred by Local Rule 40.1(c), pursuant to which all Plaintiff's future actions would be assigned to this Court.

IT IS, therefore, on this **6th** day of **January 2015**;

**ORDERED** that the Clerk shall administratively terminate Robins v. Mallace, Civil Action No. 14-7741, as duplicative of Robins v. Robins-McCafferty, Civil Action No. 14-0115, by making a new and separate entry on the docket of Robins v. Mallace, Civil Action No. 14-7741, reading "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that the Clerk shall docket Plaintiff's complaint (docketed in Robins v. Mallace, Civil Action No. 14-7741, as Docket Entry No. 1) in Robins v. Robins-McCafferty, Civil Action No. 14-0115, accompanying that docket entry by the docket text reading "PLAINTIFF'S AMENDED COMPLAINT"; and it is further

**ORDERED** that Plaintiff's amended complaint in Robins v. Robins-McCafferty, Civil Action No. 14-0115, is dismissed.  Such dismissal is without prejudice; and it is further

**ORDERED** that, within thirty days from the date of entry of this Memorandum Opinion and Order, Plaintiff shall show cause in writing as to why his challenges asserted in Robins v. Robins-McCafferty, Civil Action No. 14-0115, shall not be conclusively dismissed: (a) in light of the jurisdictional and substantive deficiencies already detailed to Plaintiff in this Court's prior decision entered in Robins v. Robins-McCafferty, Civil Action No. 14-0115; and (b) as seeking review of already completed state

court probate proceedings[2], or requesting this Court's intervention in the currently ongoing state court probate proceedings that implicate the State's important interests;[3] and it is further

**ORDERED** that, in the event Plaintiff fails to timely file such written statement, his Robins v. Robins-McCafferty, Civil Action No. 14-0115, shall be deemed terminated for lack of prosecution without further notice to Plaintiff; and it is finally

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

---

[2] Under the Rooker-Feldman doctrine, suits in district court that are essentially appeals from state court judgments are barred. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010).

[3] Under the Younger abstention, the district court shall not intervene in state proceedings where important state interests are implicated, unless the state court system is so deficient that it does not allow the litigant enforcement of his/her federal rights. Notably, real estate matters, especially the matters of titling and sale thereof, has traditionally been regarded as important state interests. See Coppedge v. Deutsche Bank Nat'l Trust, 511 F. App'x 130, 132 (3d Cir. 2013).